IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**JOHN GUZMAN**, and
**DAVID CARLSON**,

Case No. 15-            -CB

Hon.

Plaintiffs,

v.

**JESSE GUZMAN** and
**ULTIMATE CONCRETE, L.L.C.**,
jointly and severally,

Defendants.

| COMPLAINT AND JURY DEMAND |
|---|
| A complaint was filed in Sanilac Circuit Court, however, the parties have agreed to dismiss the case without prejudice.<br><br>/s/ Gerard V. Mantese<br><br>Gerard V. Mantese (P34424) |

| **MANTESE HONIGMAN, P.C.** | **DRILLOCK LAW FIRM** |
|---|---|
| Gerard V. Mantese (P34424) | Linda R. Drillock (P38480) |
| gmantese@manteselaw.com | drillocklawfirm@centurytel.net |
| Ian M. Williamson (P65056) | 3030 Main Street |
| iwilliamson@manteselaw.com | Marlette, MI 48453 |
| Kathryn Eisenstein (P66371) | *Attorney for Defendants* |
| keisenstein@manteselaw.com | |
| 1361 E. Big Beaver Road | |
| Troy, MI  48083 | |
| Telephone:  (248) 457-9200 | |
| Facsimile:  (248) 457-9201 | |
| www.manteselaw.com | |
| *Attorneys for Plaintiffs* | |

### RECORDS PRESERVATION NOTICE

**You are hereby notified to preserve during the pendency of this action all records and documents in all forms and formats (digital, electronic, film, magnetic, optical, print, etc.) that are relevant or may lead to relevant information, and to notify your employees, agents and contractors that they are required to take appropriate action to do the same.**

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

Plaintiffs, by their attorneys, Mantese Honigman, P.C., and for their Complaint and Jury Demand, state as follows:

## INTRODUCTION

### A. Overview Of The Allegations

1. This case arises out of the fraudulent, illegal, and willfully unfair and oppressive conduct perpetrated by the individual defendant, Jesse Guzman, with respect to a family owned business, controlled from Defendant's residence in Michigan.

2. As set forth more fully below, the Defendant has unlawfully abused and misused his position of control and power over Ultimate Concrete, L.L.C. ("Ultimate Concrete") to benefit himself to the detriment of the business and the other members thereof.

3. In breach of his fiduciary duties and various other obligations to the company and his fellow members, the Defendant has, among other things, frozen the minority members out of the management of the business; fraudulently withheld material financial information relative to, *inter alia*, the company, its earnings, and its operations; terminated Plaintiffs' employment; used hundreds of thousands of dollars of company funds and resources for Defendant's personal affairs; committed tax fraud; failed to issue distributions to the members, despite

the existence of ample cash reserves and financial wherewithal; cut Plaintiffs off from their benefits of the business and their shareholding interest; engaged in unfair and improper related party transactions; and failed to comport with the high standard of fiduciary conduct to which he is bound in a variety of ways that are illegal, fraudulent, and willfully unfair and oppressive.

4. As such, the Defendant has, *inter alia*, engaged in an oppression scheme damaging to both the business and the members thereof, giving rise to liability under the common law and the applicable statutes, as discussed more fully below.

5. Plaintiffs are entitled to the various remedies available at common law, as well as under the relevant statutes, including, but not limited to, injunctive relief, damages and a buy-out of Plaintiffs' interests at fair value.

B.   **Jurisdictional And Venue Allegations**

   1.   **The Defendants**

6. Ultimate Concrete is a national company with its primary place of business located at 14300 Montana Avenue, El Paso, Texas 79938.

7. Ultimate Concrete is in the business of providing concrete and ancillary services, including highways, roads, and bridge sections, to a national customer base.

8. Ultimate Concrete is herein named as a defendant for purposes of, among other things, binding the company to orders providing for injunctive, declaratory or any other applicable relief.

9. Defendant Jesse Guzman ("Jesse") is the actual or *de facto* manager, the majority owner, and the member in control of Defendant Ultimate Concrete.

10. Jesse is "in control" of Ultimate Concrete, as that term is defined and applied pursuant to MCL § 450.4515(1).

11. Jesse is domiciled in El Paso, Texas. (Defendant's Motion to Dismiss, Exhibit 1).

12. The amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000 and the case is between citizens of different states.

14. Venue is properly laid in this Court, pursuant to 28 USC § 1391(b)(2), because the events giving rise to this claim occurred in the Eastern District of Michigan.

**2.     The Plaintiffs**

2.     Plaintiff John Guzman ("John") is a minority and non-controlling member of Ultimate Concrete, holding 24% of the outstanding membership interest.

3.     John is a resident of the State of Michigan, County of Oakland.

4.     Plaintiff David Carlson ("David") is a minority and non-controlling member of Ultimate Concrete, holding 24% of the outstanding membership interest.

5.     David is a resident of the State of Michigan, County of Macomb.

## GENERAL ALLEGATIONS

**B.     The Individual Defendant Has Engaged In a Course Of Fraudulent, Illegal, and Willfully Unfair and Oppressive Conduct**

**1.     Freeze Out – Defendants' Unjustified Failed to Make Distributions**

6.     Ultimate Concrete is an entity with significant cash reserves and annual revenues in the millions of dollars.

7.     Despite Ultimate Concrete's strong financial position, Jesse has, through the exercise of his unchecked control over the company, prevented Ultimate Concrete from paying distributions to its members for substantial and unjustified periods of time.

8.     Instead of paying distributions, Jesse has, upon information and belief, used company funds to pay for an extravagant lifestyle that includes, among other

things, extensive and costly renovations to his multiple different homes; luxury automobiles; and loans to family members.

9. These improper actions, which have artificially lowered Ultimate Concrete's profitability, constitute improper distributions to Jesse without corresponding equal distributions to John and David, in violation of MCL 450.4303.

10. The ongoing failure to issue equal distributions, when the company has ample cash reserves, is consistent with Jesse's intent to freeze John and David out of receiving any financial benefits from their membership interest in the Company, and to otherwise damage their interests as members with a substantial ownership stake in Ultimate Concrete.

11. Upon information and belief, Jesse's refusal to allow Ultimate Concrete to pay appropriate distributions is based in his desire to divert Ultimate Concrete's revenues and profits to himself and for his own personal interests.

12. In furtherance of this improper goal, Jesse has opened or caused to be opened several separate and undisclosed bank accounts; concealed his and Ultimate Concrete's actions in a variety of ways; paid personal expenses with company funds; and caused Ultimate Concrete to pay him unjustified and oppressive sums.

**2. Defendants Withhold Information And Terminate Employment**

13. As stated, Jesse has engaged in an oppressive and fraudulent scheme to squeeze out John and David.

14. In addition to withholding distributions, misusing company funds for his personal benefit, and evading taxes, Jesse has routinely withheld basic and critical information from John and David.

15. In the past, Defendants provided financial information to John and David such as financial statements, tax returns, access to check registers and the like, but in recent years, Jesse has cut off the flow of information, isolated John and David, and kept them in the dark with respect to Ultimate Concrete's operational and financial details.

16. In furtherance of his campaign to squeeze John and David out of the Company, Jesse has terminated John and David's employment with Ultimate Concrete, thereby removing their sole remaining means of receiving any ongoing financial benefit from their substantial ownership stake in the Company.

17. Jesse's actions in terminating John and David's employment and cutting off any distributions to them has interfered in their membership interest and disproportionately affected and damaged John and David as compared to Jesse, who continues to draw a generous salary and to pay himself significant distributions of Company funds.

18. The value of John and David's membership interest remains locked within the Company, and they are entirely shut out of receiving any corresponding benefits.

19. Meanwhile, Jesse continues to receive regular and substantial benefits, including, but not limited to, compensation and bonuses from the Company; improper and unequal distributions through the use of Company funds for his personal benefit; and profits arising out of and relating to his improper self-dealing.

### 3. Conversion of Company Funds And Improper And Undisclosed Self-Dealing

20. In addition to all of the above, Jesse has engaged in conversion of company funds. Among other things, he has embezzled hundreds of thousands of dollars in company funds for his own use.

21. Jess has engaged in rampant self-dealing through interested transactions.

22. Due to Jesse's refusal to allow John and David access to Company information and his termination of their employment, John and David have been unable to conduct an appropriate audit to determine the full extent of Defendant's misappropriation.

### COUNT I
### ACTION BY MEMBER PURSUANT TO MCL § 450.4515

23. Plaintiffs restate and incorporate all allegations set forth herein.

**A.     Overview of the Member Action Statute, MCL § 450.4515**

24.     Since minority owners in closely held business entities cannot readily sell and trade their shares on the public markets, they are particularly susceptible to corporate abuse, or "oppression," by those in control of the entity.

25.     The Michigan Court of Appeals has noted that a shareholder in a close corporation "is unable to escape an oppressive situation by dispensing with shares of ownership in the public arena." *Estes v IDEA Eng & Fabricating, Inc.*, 250 Mich App 270, 280 (2002).

26.     In order to remedy this problem, the Michigan legislature added MCL 450.1489 to the Michigan Business Corporation Act to give a statutory cause of action to shareholders who are abused by controlling persons. Several years later, the legislature added an analogous provision, MCL 450.4515, to the Michigan Limited Liability Company Act.

27.     Both statutes permit minority owners of business entities to bring direct actions against those in control who have engaged in conduct that is illegal, fraudulent, or willfully unfair and oppressive to the entity or to the shareholder or member.

28.     The forms of conduct which trigger liability under these statutes take many forms, including, *inter alia*, the following, in which Jesse has engaged or is believed to have engaged:

    a. Funneling corporate funds to other, related corporations in which the Defendants have an interest, or to himself. *See Lozowski v Benedict*, 2006 Mich App LEXIS 324 at *11 (2006); *Berger v Katz*, 2011 Mich App LEXIS 1408 at * 6 (2011).

    b. Denying access to corporate books and records. *Bromley v Clemente,* 2006 US Dist LEXIS 72398 at *16-17 (2006); *Madugula v Taub*, 2012 Mich App LEXIS 2137 at *7-8 (2012).

    c. Refusing to declare dividends or make distributions. *Bromley*, supra; *Franchino v Franchino*, 263 Mich 172, 184 (2004).

    d. Causing the corporation to expend exorbitant amounts of money in transactions in which the defendants have an interest. *Bromley*, supra.

    e. Conduct which negatively affects the value of the plaintiffs' shareholder interest in the company. *Id.*

    f. Engaging in conduct which prevents the minority shareholders from "receiving any benefit whatsoever" from their shareholding interest, including the combined actions of refusing to redeem shares and refusing to pay dividends or make any other distributions. *Id.*

    g. Disparities in financial distributions between the minority shareholders and the defendants. *Berger*, supra at * 6.

    h. Engaging in various "other less oppressive actions with the intent to 'squeeze Plaintiff out of the company rather than to give him his fair share of his investment.'" *Id.* at * 12.

29.    "Control" may arise out of the defendant's ownership interest, voting power, seat on the Board of Directors, position as manager, by mere "agreement" or tacit complicity in the oppressive actions alleged by the plaintiffs, or any combination of these factors.

30. A single act, and even an incomplete attempt to engage in oppression, or a series of acts, can give rise to a claim under Sections 1489 or 4515, triggering the remedies under the statutes (including, *inter alia*, buy-out and damages).

**B. <u>Defendants' Liability Under MCL § 450.4515</u>**

31. Jesse is in control of Ultimate Concrete.

32. Jesse's control positions arise out of, *inter alia*, and as applicable, a majority membership interest in the Company; his position as the actual and/or *de facto* Manager of the Company; his concerted efforts to oppress the Plaintiffs; and his otherwise illegal exclusion of the minority members from the operations and benefits of the business.

33. As the person in control of Ultimate Concrete, Jesse is required to adhere to a special duty of care in the operation of the company and to act fairly in the balancing of his personal interests against those of the other members, who are not in a control position, such as John and David.

34. Jesse's position as the person in control of Ultimate Concrete requires of him a strict standard of fiduciary responsibility; a standard more akin to a partnership, which connotes not mere honesty but the punctilio of an honor most sensitive.

35. Indeed, the law requires the majority in control of the Company – i.e. Jesse – to act in the utmost good faith in the control and management as to the

minority members, and it is the essence of this trust that it must be so managed so as to produce to each member the best possible return on his or her investment, among other things.

36. Jesse has violated these, and other, principles by, *inter alia*, acting illegally, fraudulently, in a willfully unfair and oppressive manner, and in his own self-interest to the detriment of John and David as members and to the Company, as described herein.

37. In violation of MCL § 450.4515, Jesse has engaged in the following pattern and practice of illegal, fraudulent, and willfully unfair and oppressive conduct, including, but not limited to:

    a. Failing to pay distributions to John and David in equal shares with Jesse, and taking improper and unequal distributions for himself.

    b. Withholding financial information from John and David.

    c. Engaging in various fraud and fraudulent concealments.

    d. Misrepresenting the financial condition of Ultimate Concrete.

    e. Refusing to produce corporate documents to John and David despite several a prior understanding and practice that such would be provided.

    f. Failing to follow Company protocol.

    g. Depriving John and David of any meaningful involvement in managing Ultimate Concrete, despite their collective 48% ownership and investment stake.

    h. Wrongfully withholding and failing to make distributions and instead amassing large cash reserves as a means of leveraging his control.

    i. Engaging in interested, and other, business transactions for the benefit of Jesse and his immediate family, to the detriment of John and David.

    j. Depriving John and David from receiving benefits from their ownership in the company, while Jesse receives substantial benefits.

    k. Creating substantial and improper financial disparities between the parties.

    l. Maliciously, and in bad faith, engaging in a scheme to diminish John and David's various rights as members of Ultimate Concrete.

    m. Engaging in acts with the intent to squeeze John and David out of the company rather than provide them the fair share of their investment.

    n. Terminating John and David's employment with the Company and cutting them off from any financial benefits, despite the fact that John and David have ongoing liability as signatories to the Company's performance bonds.

38. Jesse's acts, as described herein, are illegal, fraudulent, willfully unfair and oppressive to John and David's interests in Ultimate Concrete.

39. Jesse's actions have caused, and will continue to cause, significant monetary damages to John and David, and to Ultimate Concrete.

## **COUNT II – BREACH OF FIDUCIARY DUTIES**

40. Plaintiffs restate and incorporate all allegations set forth herein.

41. In his capacity as the majority and controlling member of Ultimate Concrete, Jesse owes various fiduciary duties directly to John and David.

42. Among other things, Jesse's fiduciary duties prohibit him from dealing dishonestly and in an underhanded fashion with John and David, and in ways that deprive John and David of the value of their membership interests.

43. These, and other, duties prohibit Jesse from engaging in conduct that diminishes and in effect eviscerates the return or economic benefit that John and David should be receiving by virtue of their interests as members.

44. Further, Jesse's fiduciary duties prohibit him from engaging in self-dealing to the detriment of his fellow members, without full disclosure and approval of such members.

45. By virtue of the conduct described herein, and among other things, Jesse has breached the fiduciary duties that he owes to John and David.

46. Jesse's conduct has at all relevant times been wanton, intentional, and malicious, and therefore warrants the imposition of exemplary damages.

47. Jesse's actions have caused, and will continue to cause, significant monetary damages to John and David.

## COUNT III
## CLAIM FOR ACCOUNTING AS TO ULTIMATE CONCRETE, LLC

48. Plaintiffs restate and incorporate all allegations set forth herein.

49. John and David are members of Ultimate Concrete, and substantial and important financial information has been withheld from them despite repeated demands for same.

50. The past and, upon information and belief, continued diversion and misuse of funds by Jesse poses a significant and ongoing threat to Ultimate Concrete's profitability and financial stability.

51. Based on the allegations set forth herein, an accounting is justified in this matter and should be ordered as to Ultimate Concrete.

## COUNT IV – FRAUD AND CONSTRUCTIVE FRAUD

141. Plaintiffs reallege and incorporate all allegations as set forth herein.

142. As set forth herein, Jesse has made various misrepresentations and omissions to John and David that amount to an actual or constructive fraud.

143. Among other things, Jesse, on behalf of himself and on behalf of Ultimate Concrete, misrepresented to, or fraudulently concealed from, John and David the matters set forth herein, including but not limited to Jesse's misuse of Company funds for his own personal benefit.

144. By way of example and without limitation, by removing funds from Ultimate Concrete's accounts and paying them over to contractors or others, Jesse has implicitly represented that such funds are being used for purposes relevant to

Ultimate Concrete's business, when in fact such funds were used to improve Jesse's personal residences.

145. Jesse's false representations and failures to disclose material fact listed herein were material.

146. John and David reasonably relied on such misrepresentations and concealments.

147. Even if Jesse did not have the purposeful design to defraud John and David, his statements and omissions were nonetheless misrepresentations that had the actual effect of deceiving John and David.  Therefore, Jesse is liable for at least constructive fraud.

148. As a proximate result of Jesse's constructive fraud, John and David were damaged.

149. Jesse's conduct is and has been at all times willful, wanton and malicious, and John and David are therefore entitled to exemplary damages.

WHEREFORE, as to all Counts alleged herein, Plaintiffs John Guzman and David Carlson respectfully request the following relief:

    a. Compensatory, actual, treble, incidental, consequential, exemplary and other damages to which they are entitled;

    b. All applicable remedies under MCL § 450.4515, including injunctive relief and including a sequestration of monies to which Plaintiffs are entitled and removal of Plaintiffs from all bonds and other company obligations;

    c.    All applicable remedies under MCL § 450.1101, *et. seq.*;

    d.    Recoupment of all sums ill-gotten by Defendant Jesse Guzman;

    e.    Disgorgement of all salaries and bonuses received by Defendant Jesse Guzman;

    f.    Equitable, common law, and statutory interest;

    g.    Attorney's fees, costs, expenses, and pre- and post-filing interest;

    h.    A full accounting of all financial transactions of Ultimate Concrete within the relevant time period, including as to all related party transactions;

    i.    Repurchase of Plaintiffs' shares in Ultimate Concrete through forced buyout by Defendants at fair value;

    j.    Damages, including, in the form of lost enterprise or potential corporate value;

    k.    The immediate termination of all improper and unauthorized transactions between Ultimate Concrete and related companies in which Defendant Jesse Guzman has an interest; and

    l.    Any other appropriate legal, equitable, and injunctive relief.

          Respectfully Submitted,

          **MANTESE HONIGMAN, P.C.**
          *Attorneys for Plaintiffs*

By:   /s/ Gerard V. Mantese
      Gerard Mantese (P34424)
      gmantese@manteselaw.com
      Ian M. Williamson (P65056)
      iwilliamson@manteselaw.com
      Kathryn Regan Eisenstein (P66371)
      keisenstein@manteselaw.com
      1361 E. Big Beaver Road
      Troy, MI 48083
      (248) 457-9200

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

          Respectfully Submitted,

          **MANTESE HONIGMAN, P.C.**
          *Attorneys for Plaintiffs*

By:   /s/ Gerard V. Mantese
      Gerard V. Mantese (P34424)
      gmantese@manteselaw.com
      Ian M. Williamson (P65056)
      iwilliamson@manteselaw.com
      Kathryn Regan Eisenstein (P66371)
      keisenstein@manteselaw.com
      1361 E. Big Beaver Road
      Troy, MI 48083

Dated: October 12, 2015